IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES HARLAN and CARMAN ANGE, as the natural parents and heirs at law of CURTIS HARLAN, deceased, and as Special Administrators of the Estate of Curtis Harlan, deceased.<br><br>**Plaintiffs,**<br><br>v.<br><br>**UNITED FIRE AND CASUALTY COMPANY,**<br><br>**Defendant.** | Case No. 14-cv-02419-DDC-JPO |

## MEMORANDUM AND ORDER

Plaintiffs James Harlan and Carman Ange filed this breach of contract suit on behalf of themselves as natural parents and heirs of Curtis Harlan, and as Special Administrators to the Estate of Curtis Harlan. Curtis Harlan's former employer, R.A. Knapp Construction, Inc. ("R.A. Knapp"), maintained a Commercial General Liability Policy of Insurance (the "Policy") with United Fire and Casualty Company ("United"). Curtis Harlan was employed as a member of R.A. Knapp's construction crew. On August 5, 2012, Curtis Harlan was operating a "Georgia Buggy" on Interstate 470 near Topeka, Kansas, when an oncoming car struck him. Curtis Harlan died because of the injuries he sustained in this collision.

Plaintiffs' Complaint alleges that the Georgia Buggy that Curtis Harlan was operating when the accident occurred was a covered "auto" under the Policy. They seek to recover the benefits they claim United owes under the Policy's underinsured motorist coverage. United has filed a motion for summary judgment asserting that the accident did not trigger the Policy's underinsured motorist coverage because Curtis Harlan was not operating an "auto" as the term is

1

defined in the Policy.  This matter is before the Court on United's motion for summary judgment (Doc. 24) and plaintiffs' motion to compel United to produce for deposition Kevin Smith, a field claims representative for United (Doc. 32).  For the reasons explained below, the Court grants plaintiffs' motion to compel and denies United's motion for summary judgment as premature.

**I.     Background**

Plaintiffs filed their Complaint on August 23, 2014 (Doc. 1).  After the parties had exchanged preliminary discovery (interrogatories and requests for document production only), United filed a motion for summary judgment (Doc. 24).  In their response, plaintiffs ask the Court to deny United's motion for summary judgment as premature.  *See* Doc. 28 at 5-7.  In compliance with Rule 56(d), plaintiffs have submitted an affidavit of one of their attorneys, Kala Spigarelli (Doc. 28-2).  It states that plaintiffs need time to conduct more discovery, namely, to depose Kevin Smith and other witnesses "to prove the intended use of the Georgia Buggy by decedent Curtis Harlan was for road maintenance." *Id.* at 1.  Plaintiffs assert that such discovery is essential to develop facts justifying their opposition to United's motion for summary judgment.

United, by contrast, consistently has maintained that their motion for summary judgment only requires the Court to construe an unambiguous contract.  Because construction of an unambiguous written contract is a legal question for the Court to resolve, United asserts that additional discovery is not necessary.  Consistent with this position, United has refused plaintiffs' requests to produce Kevin Smith for a deposition.  *See* Doc. 32-4.  Under the Scheduling Order that Judge O'Hara issued in this case, discovery closed on April 1, 2015.  Plaintiffs now have filed a motion seeking an order requiring United to produce Kevin Smith.

2

**II.     Legal Standard**

"Summary judgment is appropriate only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue [about] any material fact and that the moving party is entitled to a judgment as a matter of law." *Morales v. McKesson Health Solutions, LLC*, 136 F. App'x 115, 117 (10th Cir. 2005).  There is no rule against early summary judgment motions—"a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).  But under Rule 56(d), if a party shows by affidavit that it cannot present facts essential to justify its opposition, "the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[1]

To obtain relief under Rule 56(d), a party must do more than assert "that the evidence supporting [the party's] allegation is in the hands of the [opposing party]." *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985).  Rather, the party must identify with some degree of specificity the facts it believes that additional discovery will uncover. *See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir.1993).  "Unless dilatory or lacking in merit," a party's Rule 56(d) request "should be liberally treated." *Id.* at 1553-54 (internal quotation marks and citations omitted).  The decision to grant additional discovery under to Fed. R. Civ. P. 56(d) is within the district court's discretion. *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984); *see also Pfenninger v. Exempla, Inc.*,

---

[1] "When Rule 56 was rewritten in 2010, the provisions in Rule 56(f) were moved to a new subdivision (d), without any substantial changes." 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2740 (3d ed. 2015).  Cases referencing the pre-2010 version of the rule cite subsection (f).

116 F. Supp. 2d 1184, 1194 (D. Colo. 2000) ("The district courts exercise discretion in deciding whether to grant a [Rule 56(d)] motion.").

### III. Analysis

Plaintiffs' motion requires the Court to decide whether this case presents legal questions only or whether it presents factual issues that justify plaintiffs' request for additional discovery. Plaintiffs have persuaded the Court that United's motion for summary judgement presents at least two questions of fact.

First, the parties agree that the Policy's underinsured motorist provision applies to employees when they operate an "auto," but not when they operate "mobile equipment." However, the Policy carves out exemptions for certain types of mobile equipment.

> Vehicles not described in Paragraph **1., 2., 3.,** or **4.** above maintained primarily for purposes other than the transportation of persons or cargo. **However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos"**:
>
> a. Equipment designed primarily for:
>
> (1) Snow removal;
> (2) Road maintenance, but not construction or resurfacing; or
> (3) Street cleaning[.]

Doc. 25-7 at 11. Under this section, self-propelled vehicles with permanently attached equipment designed primarily for "road maintenance, but not construction or resurfacing," constitute "autos" rather than "mobile equipment." *Id.* Plaintiffs assert that the Georgia Buggy that Curtis Harlan operated when the accident occurred was used primarily for road maintenance. They believe that the deposition of Kevin Smith will reveal evidence they can use to prove this claim, thus bringing the Georgia Buggy within the Policy's definition of "auto." *See* Doc. 28-2. The Court agrees that facts about the primary use of the equipment affixed to the Georgia Buggy

4

are material to United's summary judgment motion.  Plaintiffs therefore are entitled to discover these facts.

Second, under the Policy, underinsured motorists coverage applies to "those 'autos' you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage."  Doc. 25-7 at p. 1.  Plaintiffs assert that Kansas' compulsory motor vehicle insurance laws bring the Georgia Buggy within the Policy's coverage because Curtis Harlan was operating it on a public highway when the accident occurred.  The cases that plaintiffs cite on this point suggest that some fact-finding is necessary to resolve this argument.

In *Kresyman v. State Farm Mut. Auto. Ins. Co.*, the Kansas Court of Appeals determined that a mini-bike the plaintiff was driving on public highway at the time of an accident was a "motor vehicle" subject to Kansas' compulsory liability insurance requirement.  623 P.2d 524 (Kan. Ct. App. 1981).  The court reached this conclusion even though the mini-bike could not "have been registered because it was not equipped as required by [Kansas' motorcycle registration statute]."  *Id.* at 525.  The mini-bike also was not named as an insured vehicle under any motor vehicle liability insurance policy, and the manufacturer's statement of origin recited that the vehicle was not manufactured for use on public streets.  *Id.*  Nevertheless, the Kansas Court of Appeals concluded, "the mini-bike, a self-propelled device transporting a person while being operated on a highway in this state, was a vehicle with respect to which a motor vehicle liability insurance policy was required by the [statute]."  *Id.* at 526.

The Kansas Court of Appeals reached a similar result in *Estate of Dutkiewicz v. Benchmark Ins. Co.*, No. 102,469, 2010 WL 2545668 (Kan. Ct. App. 2010).  In that case, the court reviewed a trial court's conclusion that a stolen golf cart that the plaintiff was driving on a

5

public highway was a "motor vehicle" under an underinsured motorist policy. *Id.* at *1. The court affirmed the district court's finding, concluding that there was "no legal difference between an off-road mini-bike like the one being driven on a public highway in *Kresyman* at the time of an accident and a motorized golf cart being operated on a public highway at the time of an accident in our case." *Id.* The court explained:

> Neither a mini-bike nor a golf cart are vehicles designed and manufactured for use on a public road. Neither is sufficiently equipped to be registered. But, because the golf cart was being operated on a public highway, registration is statutorily required and, therefore, a motor vehicle liability insurance policy is also required. This makes the golf cart an uninsured motor vehicle and the Benchmark auto insurance policy provides uninsured motorist coverage to [the plaintiff].

*Id.* at *3.

Both of these cases establish that an otherwise ineligible vehicle can become subject to the compulsory insurance statute—and hence, a policy's underinsured motorist coverage—by its operation on a public highway. United seeks to distinguish these cases, arguing:

> Curtis Harlan was not using the Georgia Buggy to travel on an open highway as he was working on a highway construction project as a member of a construction crew at the time of the collision. (UMF No. 6). The fact that the highway lane and shoulder in which Curtis Harlan was operating the Georgia Buggy were closed to public traffic supports the fact that Curtis Harlan did not intend to use or operate the Georgia Buggy on a public highway.

Doc. 31 at 19.

Tellingly, United's argument asserts that these cases present circumstances that are *factually* different from plaintiffs' claims. These cases may or may not ultimately control United's summary judgment motion. But they, at a minimum, establish that the factual circumstances surrounding a vehicle's status on a public highway can affect the scope of an underinsured motorist policy under Kansas law. The Court concludes that it is appropriate for plaintiffs to develop these potentially-dispositive facts to oppose United's motion for summary judgment.

6

### IV. Conclusion

The Court grants plaintiffs' motion to compel production of Kevin Smith. It also denies United's motion for summary judgment as premature, but does so without prejudice. *See* Miller et al., *supra*, at § 2740 (when granting a Rule 56(d) request, "the usual practice is to deny summary judgment without prejudice to the right to reapply at a later date"). United, if it chooses, may renew its motion for summary judgment reflecting the additional discovery the Court has ordered here. United shall produce Kevin Smith for deposition and file any renewed summary judgment filings within the deadlines set forth below.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion to Compel Deposition of Kevin Smith (Doc. 32) is granted. United's Motion for Summary Judgment (Doc. 24) is denied without prejudice.

**IT IS FURTHER ORDERED BY THE COURT THAT** United shall produce Kevin Smith for Deposition by September 15, 2015. If United chooses to renew its motion for summary judgment, it must do so no later than October 14, 2015. Response and reply briefs shall be governed by the usual time limits imposed by D. Kan. Rule 6.1(d)(2).

**IT IS SO ORDERED.**

**Dated this 31st day of July, 2015, at Topeka, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**